May it please the Court, John Dallas on behalf of the defendant Michael Ioane. I'm intending to reserve three minutes for rebuttal, and I'm going to focus on two arguments. Just watch the clock. Yes, I'll try to do a better job than my predecessors. All right. I want to focus on two arguments. One is the Speedy Trial Act denial of that motion, and second is that the sentencing claim regarding the loss and the tax loss in this case. With respect to the Speedy Trial argument, the basis of the claim is that the district court erred in excluding time in two different ways. First, the court erred in excluding time at the request of the co-defendants, Vincent and Lise Booth, after Dr. Booth pled guilty on July 30th. When the request was initially made at a hearing on July 11th, 2010, the court set a trial and excluded time at the request of the Michael Ioane's co-defendants, Vincent Booth and his wife Lise, because they needed time to prepare for trial, and they set the trial date for December 13th. Mr. Ioane objected. His counsel said he prepared to go to trial by July 30th, the time that was within the Speedy Trial Act, and the court overruled that objection and continued the trial to December 13th. However, that the circumstance But what were the notes made or comments or findings made with respect to that incident so far as the court is concerned? That one was at an oral hearing, and Dr. Booth said they needed some more time to prepare and get some records, and I'm not questioning the finding per se that was made at that time, but the argument is on that, with respect to that one, exclusion of time. The need for time to prepare, because it was for the co-defendants' preparation, ended when he pled guilty with the plea agreement that the government was going to dismiss on his wife, Lise Booth, and that was on July 30th. Now, from July 30th to October 17th, there was no other exclusions of time. The only time that the only exclusion given was at the June 11th hearing, when it was for the Dr. Booth, his counsel, need to prepare, and he had already pled guilty. Let me ask you a question. When we get into all of this stuff, where I'm looking at these particular matters and I'm trying to figure out what it is that I'm reviewing and why, what is my standard of review on the issue you just presented? Am I not reviewing what the district court did for clear error? I think you, you, it's an abuse of discretion. Am I not reviewing it for clear error because it's the district court's findings of fact in determining what to do? The district court's findings are generally reviewed for abuse of discretion. Oh, no. You say abuse of discretion? I thought clear error for factual findings in these situations. The factual findings for clear error in error issues of law are de novo. I understand. That's why I'm saying to you, the arguments you're really saying is you're saying the district court clearly error in making these findings of fact. No. With respect to this, I think I'm arguing it's an issue of law that when Dr. Booth Why is it an issue of law? He's got to determine a finding of fact as to looking at what all the counsel have said, what they're saying about the particular situation, and he's got to make a finding of fact as to what he's supposed to do, and then he set a date. Yes. And I'm not arguing that at that time that that finding was an error. But once Dr. Booth pled guilty, then it's a the issue here is one of law is can that finding continue when it was for the preparation of the co-defendant's counsel when the co-defendant pled guilty with an agreement that his wife is going to be dismissed? Okay. I understand your argument. The other argument on the Speedy Trial Act is primarily going to focus on two stipulations that were entered by the parties. One was filed on November 16th, 2010, and the second was filed on December 7th, 2010. Each of them continued the jury trial date, one to December 13th, 2010, and then the second one was filed continuing the trial for another all the way to April 11th, 2011. Now, just one second, because I missed a question and I don't want you to not get the chance to answer it. Because I understand that the continuance must be specific and specifically limited in time and justified on the record, but it's with reference to the facts as of the time the delays were ordered. So why is it that you're saying what happened thereafter caused that time to not be effectively eliminated? Well, that's a good point. And my argument would be that in this circumstance, that's not the case. What case says that? I've got Lewis, and Lewis is pretty good about when do I include the time and when I don't. And I don't have anything, if you're really going to say this is a question of law, which suggests that this standard with reference to the facts of the time the delays were ordered ever changes. I think the best case I have is Jordan. Okay. And Jordan actually finds kind of an error or talks about it in two ways. One is the Court made a specific exclusion of time without an ending date on it. Well, but that isn't what happened here. Right.   It's not going to be my first question. It's going to be my first, how are you going to go with Jordan? The facts aren't even the same. I agree that that was one of the bases for the Court's ruling. But the other basis for the Court's ruling was the Court later on when it granted a continuance, it could not go back and rely on the prior continuance when the circumstances had changed, in the beginning when the Court granted the initial complexity continuance, there were 31 defendants in the case. The Court then granted a continuance for six defendants and set a trial date for those six defendants and then later continued the trial date. And it was referring to the time previously when there was 31 defendants in the case. And the Court, there is language in Jordan that talks about when the circumstances change, you can no longer rely on that ground. On the other two stipulations, and they're both in the excerpt of record, there's zero facts whatsoever in the stipulation to justify any kind of exclusion of time. There's nothing. We're not criticizing you, but wasn't there a different attorney who had a backache and said he couldn't be prepared on December 13th? Was that an abuse of discretion to give a continuance, a stipulated continuance on this lawyer's backache and her complaint that he couldn't be prepared by December 13th, and then again in April they had another continuance for the backache? I think it is an abuse of discretion in this circumstances, Your Honor, that the declaration from trial counsel that he couldn't be prepared to go on December 13th, citing a back injury, was filed on November 8th. And it talked about going the next day to see a neurologist to determine what kind of a treatment was necessary for his back. November 16th, seven days later, the Court then issues a minute order granting the trial date. The parties then present two stipulations, one on November 16th, eight days after the court's initial, the counsel's declaration, and then another stipulation on December 7th that don't refer at all to the back injury or give any kind of an update or any kind of a circumstances on whether, how serious it was, what happened during the consultation with the doctor. And by the time, especially of the second stipulation, which was on November 7th, and then continue the trial all the way into April, there are no facts whatsoever in here to justify an extension of the continuity. Well, you have the stipulation. Now, we can take judicial notice that the Eastern District Article III judges are busy trying cases on a steady stream. There's no letup. Now, they've got these cases moving through the pipeline, and they have to set dates for the trials with a realistic at the time. So how can we reasonably say a judge abused his discretion when he's presented with stipulations for dates ahead of schedule so that he can go on and try other cases that he's? Well, there's no doubt that the Eastern District judges are very busy as a practitioner for 20 years in the Eastern District. I'm aware of that. But especially if you take the second stipulation. I'm troubled. You're suggesting that it is our job to, or for that matter even the district court's job, to look behind the stipulation and make independent findings of his own? Not at all. What I'm saying is the court, the district judge abuses its discretion when there's no facts whatsoever in the stipulation to justify the lengthy continuance. And there's law that says that unless there are facts in the written stipulation up to a certain level of prominence, that it's an abuse of discretion? Well, Zedner, the Supreme Court case, talks about that the judge has to make specific findings based on facts in the record to justify an exclusion of time. Well, the specific finding would be pretty simple. The parties have stipulated that we want a continuance, and us looking at it, we said yes. Since the parties are not fighting about it, we're just allowing it. But, and that would be okay if, as long as there were some facts in the stipulation to justify the continuance. Why? So what if we've got facts? If the parties are all agreeing to it, why is there a problem? Because the public has a right to a speedy trial. In Zedner, the Supreme Court has said even when the defense makes the request for a continuance, even if it's unopposed by the government, there's a public right to a speedy trial, and the court has to make. The public has no different, better right in my book than the parties. And I don't find any Supreme Court precedent to suggest otherwise. So it seems to me that if the parties are stipulating to something, that it's a kind of a really tough thing for me to say that there's an abuse of discretion on the district court's level for granting it when everybody's agreed to it. Well, I will say that Zedner and there's a Williams. What did Zedner? I don't think Zedner gets to this. Well, in Zedner, the defense attorney made a request for a continuance, and the court went in, the government argued estoppel. Yeah. And Zedner rejected the estoppel argument. I do want to get to the... Isn't the Speedy Trial Act waivable by the defendant? No. Not at all? No. I do want to get to the sentencing argument that the district court erred in finding the tax loss to be $1.3 million. The reason that the court erred was that there was no real evidence of that amount of loss. Instead, the court used what's called a notice of deficiency as a loss of $1.3 million. But everyone has agreed that the notice of deficiency is kind of like a starting document from the IRS. It gives the taxpayer a right to go into court to challenge that claim and to put together kind of what the real tax loss is. Well, it's more than that, isn't it, counsel? It is a determination by the Internal Revenue Service of the amount of tax owed based on a very careful elaboration of the amount of income, appropriate deductions and whatever else. Except in this case, they didn't present any of the records to back anything up. It's Dr. Booth. And so they basically disallowed everything and used the ultimate amount. What's very significant here is that Dr. Booth then, at the time of his sentencing, came up with a his own CPA analysis and determined the tax loss to be $207,000. Did he present that to the judge? It was presented in a plea agreement with the prosecutor, and we also testified about it at trial so the judge knew there was a CPA analysis. I understand, but that wasn't even in the same situation. We're talking about what happened in this particular situation. The district court's determination of this loss was that this was an amount that had been determined. And frankly, after having this amount determined and sent to the defendant, nobody did anything about it except go find everything they could to get out of doing it anyway, come up with other fraudulent ways to get out of doing what they had to do. And that's what the district court said. He says, we're not taking the deficiency notice by itself and saying that's adequate, but we're saying what happened here makes it adequate. Then what happened here was, what did Dr. Booth do? Well, Dr. Booth then did everything he could along with this defendant to do whatever he could to get out of paying this 1.3. And that would show why they were found guilty. That will also show. But when it comes to the determination of the loss at the time of trial, you're entitled to present additional evidence, even if you arguably obstruct it all the way through. The question at the time is, what is a reasonable estimate of loss based on the available information? Thank you very much, counsel. The time for your side has expired. We'll hear from the government. Thank you, Your Honors. My name is Mark Cullors. I'm the Assistant United States Attorney from Fresno. I'd like to first start with the stipulated continuances and get that clarified a little bit. The stipulation that was entered into on November 8, 2010, in which the defense counsel said there was additional discovery to review, he had an MRI problem, he had back surgery, he was on Vicodin. Based upon that representation, the court issued a minute order on November 12. And in that minute order, the court ordered counsel to file stipulations confirming a new motion in the minute date and confirming a new trial date. So the parties were under court order to file stipulations confirming a new motion in the minute date and a new trial date. Thereafter, on November 16, four days later, defense counsel sent over to the government a new stipulation with new motions in the minute date and a new trial date. The government agreed. And then on December 7th, those dates were too optimistic based upon defense counsel's health condition. So therefore, pursuant to the original minute order issued by the district court that we are to submit these new dates, a new stipulation was entered into in which a new motion in the minute date was agreed to and a new trial date was agreed to. That explains the two stipulations that are being argued before you today. What's your response to counsel's argument that specific findings need to be made? No, Your Honor. In this particular set of facts, specific findings don't need to be made because the parties were not acting pursuant to a speedy trial act continuance. They were acting pursuant to a court order. The court order said, give me a new motion in the minute date and give me a new trial date. Well, the worry that I have is that your argument seemed pretty good for the ones that came right after. But the second stipulation really hasn't got any order behind it, does it? Well, it doesn't, Your Honor, but I think the ---- That's why I was questioning it, not the first one. The first one seems to be based on what happened at the last hearing. But the next one is really the parties themselves saying, we were too anxious. We've got to put it off more. I know it relates back to the first hearing, but it really ---- there's no other hearing in the middle. I totally agree, Your Honor. But I think what this Court has to look at is whether the district court was reasonable to rely on that stipulation, whether it was clear error for that district court to rely on that stipulation in the absence of any findings. And I think the district court was properly and well within its rights to rely on that second stipulation. The district court knew that, based upon defense counsel's own representations, that he was having health problems. Therefore, I think the district court reasonably relied that when it saw the second stipulation come through, that there were continuing health problems, that the parties were trying to reach a mutually agreeable motion limiting date and a mutually agreeable trial date. And your argument? Yes. I'd like to turn to the speedy trial issue. What happened at the June 2010 hearing, the oral hearing, appellant is partly right, but not totally right, because the district court proposed when appellant or Mr. Ione's counsel said he wanted to go to trial on July 30th, the other appellants, the other counsel, agreed that they could not do it at that date. The district court then proposed a date in August. Mr. Ione's counsel said he was not available. The district court then proposed another date in November. Mr. Ione's counsel said he was not available. Then the district court proposed a date of December. At that point, all counsel were available at that point. So I just wanted to clarify that. And what this really boils down to is whose burden or whose job it is when on the last day of the Speedy Trial Act, July 30th, when the last remaining co-defendant pleads guilty, and we have a proper exclusion of time until December 2010, which I don't think there's any disagreement about, at that point on July 30th, whose job it is or whose responsibility it is to bring the parties back into court and say we need to pick a trial date because we're ready to go. Is it the government, is it the court, or is it Mr. Ione's counsel?  Admittedly, there's no cases on this, but I think that this panel should know that at the time of Mr. Booth's guilty plea on July 30th, that guilty plea was filed in the ECF system. He had noticed that there was a guilty plea that Mr. Booth had pled guilty on that day. If he and his client were so anxious to get to trial, he could have easily moved to the district court and got into district court the next day and said we want a trial date. In fact, it never happened. The district court and the government properly, and I think reasonably, assumed that because he was unavailable in August, he was unavailable in November, that the December trial date was still a good date for defense counsel, because no one heard from the defense counsel after the July 30th guilty plea of Mr. Booth. He did not approach counsel, nor did he approach the court. Turning next to the issue of the guideline calculation, the court is correct. The $207,000 figure was a result of the plea negotiation. The Mr. Booth, after he pled guilty, his counsel approached the government, brought in an accountant and said these are some, what we feel are some deductions. The government did not look behind those figures. The government took those figures at face value for the purpose of a plea and agreed to do a $207,000 figure. But shouldn't that be relevant to determining the exposure here for Mr. Ioni? No, Your Honor. And the reason is because at trial, the government presented the notice of deficiency, which was uncontested at trial, the $1.3 million figure, which was the intended loss that Mr. Ioni knew about and was intending to help Mr. Booth evade. And that is evident at trial simply because the evidence at trial established that the notice of deficiency was sent to Mr. Ioni from Mr. Booth. Mr. Ioni knew that Mr. Booth was being asked by the Internal Revenue Service to pay $1.3 million. Thereafter, Mr. Ioni then proceeded to do his trust layering, his property transfers, his correspondence with the IRS, all with the intent on helping Mr. Booth or Dr. Booth evade that $1.3 million loss. Anything further, counsel? No. If the Court has no further questions, we are prepared to submit, Your Honor. Thank you, counsel. The case just argued will be submitted for decision.
judges: Goodwin, O'scannlain, Smith